IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

NIMA DAIVARI,

        Plaintiff,

v.

DENVER POLICE DEPARTMENT,
GERALD R. WHITMAN, Chief of Police,
Denver Police Department, RICHARD
BOEHNLEIN, Officer, Denver Police
Department, and JOHN DOE, Officer,
Denver Police Department,

        Defendants.

## COMPLAINT AND JURY DEMAND

Nima Daivari, by and through his attorneys, Jessica L. West, Ari Krichiver and Smith & West, LLC, hereby states:

### INTRODUCTION

In March 2007, Plaintiff Nima Daivari was the victim of a bias-motivated assault in Denver, Colorado. This action stems from Defendant police officers actions and omissions in failing to take a report, conduct any investigation or charge Mr. Daivari's assailants. Defendant officers treated Mr. Daivari differently from, and less favorably than, other crime victims. Their negative treatment of Mr. Daivari was based upon Mr. Daivari's outwardly homosexual appearance, Defendant officers' perception of Mr. Daivari as homosexual and Mr. Daivari's failure to conform to male gender stereotypes. This is not an isolated incident. Defendant

Denver Police Department has condoned and encouraged its officers' engagement in a pattern of indifference to criminal complaints by homosexual and gender non-conforming crime victims. These actions constitute a violation of Mr. Daivari's rights to equal protection and due process under the color of law.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and this action is authorized and instituted pursuant to 42 U.S.C. § 1983.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b), as all of the events that give rise to these claims occurred in the State of Colorado.

## PARTIES

3. Plaintiff Nima Daivari is a resident of the State of New York. At the time relevant to this action, Mr. Daivari was visiting relatives in Denver, Colorado, where the acts described herein occurred.

4. Defendant Denver Police Department is an agency of the City and County of Denver, State of Colorado.

5. Defendant Gerald R. Whitman is the Chief of Police of the Denver Police Department and an employee of the City and County of Denver. He is sued in his official capacity.

6. Defendant Richard Boehnlein is an officer with the Denver Police Department and is an employee of the City and County of Denver. He is sued in his official and individual capacities.

7. Defendant John Doe's identity is presently unknown but he is an officer with the Denver Police Department and an employee of the City and County of Denver. He is sued in his official and individual capacities.

## FACTUAL ALLEGATIONS

8. In March 2007, Mr. Daivari traveled from New York to Denver, Colorado to visit his cousin.

9. On or about March 17, 2007, Mr. Daivari was walking along the Sixteenth Street pedestrian mall in Denver, Colorado with his cousin and another individual. Mr. Daivari was wearing a skin-tight, v-neck sweater, white pants with chains, pointed-toe snakeskin shoes and a necklace of a fairy with green wings.

10. Mr. Daivari's dress and appearance were feminine and outside the stereotypical gender-norm for a man. By his dress and appearance, it was evident to Defendants and others that Mr. Daivari was homosexual.

11. As Mr. Daivari was walking, a male passer-by made a loud and offensive comment, calling Mr. Daivari a "faggot." Mr. Daivari was startled and asked the man what he had said. The man shouted more offensive language, threatened Mr. Daivari and began to punch Mr. Daivari in the head and face. As Mr. Daivari attempted to defend himself, the attacker's companion also began hitting Mr. Daivari in his face and back.

12. Denver police were summoned and Officer Boehnlein and his partner, Officer Doe, arrived at the scene of the assault. Defendant officers restrained Mr. Daivari's attackers.

13. When Defendant officers arrived Mr. Daivari's face was bloody and it was evident that Mr. Daivari had been assaulted.

14. Mr. Daivari relayed to the Defendant officers the circumstances of his assault. Mr. Daivari requested that Defendant officers take a formal complaint with regard to the assault on him. Mr. Daivari also asked that Defendant officers restrain and charge his attackers.

15. Despite Mr. Daivari's request that a complaint be made and that his attackers be restrained and charged, Defendant officers failed to take any statements, file any reports, issue any citations, obtain medical care for Mr. Daivari, or even obtain the names or contact information of the attackers.

16. Defendant officers' duties and obligations mandated that they take statements, file reports, and issue citations, and, in failing to do so, Defendant officers failed to fulfill their duties and obligations.

17. An internal Denver Police Department investigation concluded that Defendant Boehnlein "failed to comply with one or more requirements under our Operations Manual and Procedures."

18. Defendants' treatment of Mr. Daivari differently from, and less favorably than, other non-homosexual and/or stereotypically gender-conforming crime victims was arbitrary and without any legitimate basis.

19. Defendant Denver Police Department is aware that its officers have engaged in a pattern of failing to take reports from homosexual and/or stereotypically gender-nonconforming crime victims and in failing to prosecute individuals for criminal activity where the victim is gay or stereotypically gender-nonconforming.

20. Defendant Denver Police Department has implicitly condoned and encouraged a pattern of indifference to criminal complaints by homosexual and stereotypically gender-nonconforming crime victims perpetuated by its officers.

21. At all times relevant to this action, Defendants were acting under color of law.

## CLAIMS FOR RELIEF

### First Claim for Relief
*Violation of Equal Protection Rights (Gender)*

22. Mr. Daivari readopts and realleges paragraphs 1-21 as if fully set forth herein.

23. Mr. Daivari's conduct, dress and appearance differed from the gender stereotypes which Defendants associated with men.

24. Defendant officers treated Mr. Daivari differently from, and less favorably than, other crime victims based upon gender-based stereotyping and because Mr. Daivari failed to conform to male gender stereotypes and did not meet Defendants' expectations of masculinity.

25. Defendant officers would not have treated a similarly-situated woman in the negative manner that Mr. Daivari was treated. Likewise, Defendant officers would not have treated a man who was dressed and acted in a gender-conforming manner in the negative way that Mr. Daivari was treated.

26. Defendant Denver Police Department is aware that its officers have engaged in a pattern of failing to take reports from some crime victims and/or failing to prosecute some individuals for criminal activity based upon gender-based stereotyping.

27. Defendant Denver Police Department has implicitly condoned and encouraged a pattern of indifference to criminal complaints by crime victims who fail to conform to gender stereotypes.

28. Mr. Daivari's differential treatment is not substantially related to any important or legitimate government objective.

29. As a result of Defendants' actions, Mr. Daivari has been injured, damaged and deprived of the rights and privileges afforded to him as a citizen of the United States.

**Second Claim for Relief**
*Violation of Equal Protection Rights (Sexual Orientation)*

30. Mr. Daivari readopts and realleges paragraphs 1-29 as if fully set forth herein.

31. By his conduct, dress and appearance, it appeared to Defendant officers that Mr. Daivari was a homosexual man.

32. Defendants' treated Mr. Daivari differently from, and less favorably than, other non-homosexual crime victims solely on the basis of their belief that Mr. Daivari is gay.

33. Defendant Denver Police Department has implicitly condoned a pattern of indifference to criminal complaints by homosexual crime victims.

34. Defendants' treatment of Mr. Daivari differently from other non-homosexual crime victims was arbitrary and without any basis.

35. Defendants' disparately negative treatment of Mr. Daivari was not rationally related to any legitimate government objective. Defendants lacked a rational basis to treat Mr. Daivari differently because of his sexual orientation, to fail to take report a from him because of his homosexuality or to fail to prosecute his attackers because Mr. Daivari is gay.

36. As a result of Defendants' actions, Mr. Daivari has been injured, damaged and deprived of the rights and privileges afforded to him as a citizen of the United States.

### Third Claim for Relief
*Violation of Substantive Due Process Rights*

37. Mr. Daivari readopts and realleges paragraphs 1-36 as if fully set forth herein.

38. Defendants failed to fulfill their legal duties and obligations based upon their baseless and arbitrary stereotyping of, and discrimination against, homosexual and stereotypically gender-nonconforming crime victims. Defendants' actions were arbitrary and without any basis.

39. Defendants' actions and omissions deprived Mr. Daivari of his liberty and/or property and were done without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution and corresponding provisions of the Colorado Constitution.

40. The acts described were wanton and willful, in total disregard of Mr. Daivari's constitutional and statutory rights and shock the conscience.

41. As a result of Defendants' actions, Mr. Daivari has been injured, damaged and deprived of the rights and privileges afforded to him as a citizen of the United States.

### Fourth Claim for Relief
*Conspiracy*

42. Mr. Daivari readopts and realleges paragraphs 1-41 as if fully set forth herein.

43. Defendants conspired to deprive Mr. Daivari of his constitutional equal protection rights and his privileges and immunities.

44. In depriving Mr. Daivari of his constitutional rights, Defendants intended to discriminate against Mr. Daivari because they believed that Mr. Daivari was homosexual and because he did not conform to gender stereotypes.

45. Defendants engaged in actions which deprived Mr. Daivari of his constitutional equal protection rights and his privileges and immunities.

46. Defendants have a pattern of intentionally discriminating against homosexual and gender non-conforming crime victims and of failing to take reports from homosexual crime victims or prosecute individuals for criminal activity where the crime victim is gay or does not conform to gender stereotypes.

47. As a result of Defendants actions, Mr. Daivari has been injured, damaged and deprived of the rights and privileges afforded to him as a citizen of the United States.

## PRAYER FOR RELIEF

Mr. Daivari seeks an award of compensatory and special damages, punitive damages, attorneys fees pursuant to 42 U.S.C. § 1988, costs, expert witness fees and legal interest from the date of actions and omissions. Wherefore, Mr. Daivari respectfully requests that this Court enter judgment against Defendants, jointly and severally, for:

a. Injunctive relief;

b. Compensatory damages to compensate for losses, damages and injuries described in this Complaint, including but not limited to pain, suffering and emotional distress;

c. Punitive and exemplary damages against the individual Defendants;

d. Interest, both pre- and post-judgment, as allowed by law;

e. Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

    f.   Such further relief as the Court deems just and proper.

## **JURY DEMAND**

Mr. Daivari demands a trial by jury of all issues.

Respectfully submitted this 14th day of March, 2007.

                                                        SMITH & WEST, LLC

                                                        s/ Jessica L. West____
                                                        Jessica L. West

                                                        s/ Ari Krichiver____
                                                        Ari Krichiver
                                                        SMITH & WEST, LLC
                                                        1860 Blake St., Ste. 420
                                                        Denver, CO 80202
                                                        phone: 303-391-0100
                                                        fax: 303-391-0102
                                                        info@smithandwest.com

Plaintiff's Address:
Nima Daivari
361 E. 10th St, #33
New York, NY 10009